UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BINFORD, JR. and
GERALDINE WILLIAMS,                              No. 10-12390

               Plaintiffs,               District Judge Mark A. Goldsmith
v.                                               Magistrate Judge R. Steven Whalen

JOHN ADAMS MORTGAGE, *et al,*

               Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and

Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

[Doc. #10], which has been referred for a Report and Recommendation pursuant to 28 U.S.C.

§636(b)(1)(B).  For the reasons that follow, I recommend that the motion be GRANTED as to all

claims against Defendants Bank of America, N.A., and Countrywide Home Loans, Inc., dismissing

these Defendants WITH PREJUDICE.   I further recommend that the motion be GRANTED IN

PART and DENIED IN PART as to Defendant Mortgage Electronic Registration Systems, Inc.,

denying the motion as to allegations pertaining to the foreclosure sale as discussed in Section **A.** of

the analysis, but granting the motion as to all other claims.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Following the January 5, 2010 foreclosure sale of their residence located at 29845

Rambling Road, Southfield, Michigan,  Plaintiffs filed suit in state court on May 18, 2010,

disputing the validity of a January 7, 2005 mortgage obtained from Defendant John Adams

Mortgage Company ("John Adams") for purchase of the same property.  *Docket #1,* Exhibit A;

*Defendants'* Exhibit D.   Plaintiffs allege that the terms of the January, 2005 mortgage and assignment violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*("TILA")*,* the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.("RESPA"), the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA") and the Michigan Consumer Protection Act,  M.C.L. § 445.901 *et seq.* ("MCPA").

Plaintiffs allege that Defendant John Adams failed to give them a "required 3 day cool off period" before signing the loan.  *Id.* at Count I, ¶1.  They allege further that they were not given "the HUD booklet on loans" or the "Good Faith Estimate"  within three days of making the loan application.  *Id.* at ¶¶2-3.  They allege that at the loan closing, John Adams and Countrywide Home Loans ("Countrywide") failed to provide them with signed copies of the loan transaction and that John Adams "failed to make the disclosures required by [TILA]." *Id.* at ¶¶6-7.  They allege that they have been victims of predatory lending. *Id.* at Count II, ¶1.

 Plaintiffs also allege that Defendants John Adams, Jess Monticello ("Monticello"), Bank of America ("BOA"), Countrywide, Andrew Gissinger, III ("Gissinger"), Preston James Jr., ("James"), Brian Hazel ("Hazel"), Mortgage Electronic Registration Systems, Inc. ("MERS"), R. K. Arnold ("Arnold"), and Bill Huffman ("Huffman") conspired in a fraudulent scheme to deprive them of their statutory rights.   *Id.* at Count IV, ¶1.  They allege further that "these so called lenders do not have the right to foreclose on something that they do not own, nor are holders in due course of." *Id.*   They request monetary damages and the rescission of the mortgage loan.  *Id.* at Count II, ¶4.

Present Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a)  on June 17, 2010.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

## III.  ANALYSIS

### A.  Claims Pertaining to the January 5, 2010 Sheriff's Sale

Count IV, ¶1 of the Complaint states in pertinent part that "these so called lenders do not have the right to foreclose on something that they do not own, nor are holders in due course of."

-3-

Defendants' motion does not address this allegation of impropriety surrounding the foreclosure sale. While the allegation does not state a discernable claim against BOA or Countrywide, MERS possible role in the foreclosure proceedings is an area of some concern.

On April 21, 2011 the Michigan Court of Appeals held that MERS "does not meet the requirements of M.C.L. § 600.3204(1)(d)" for foreclosure by advertisement and "must instead seek to foreclose by judicial process." *Residential Funding Co, LLC v. Saurman,* --- N.W. 2d — , 2011 WL 1516819 (Mich.App.2011). The Appeals Court reasoned that "MERS, as mortgagee, only held an interest in the *property* as security for the note, not an interest in the note itself. MERS could not attempt to enforce the notes nor could it obtain any payment on the loans on its own behalf or on behalf of the lender," concluding that "MERS' inability to comply with the statutory requirements rendered the foreclosure proceedings in both cases void *ab initio.*"(Emphasis in original).

In fairness to Defendant MERS, the present motion was filed several months before *Residential Funding* was issued. Nonetheless, Defendants' brief does not state which Defendant was the "foreclosing entity." Defendants' exhibits do not rule out the possibility that MERS improperly acted in that role in the present foreclosure. *See Matthews v. Mortgage Electronic Registration Systems,* 2011 WL 2563180, *2 (E.D.Mich.) (E.D.Mich.2011)(Murphy, J.). Therefore, claims against MERS stated in Count IV, ¶1 of the Complaint should not be dismissed.

**B.  Claims Under TILA and HOEPA are Subject to Dismissal**

Present Defendants BOA, Countrywide, and MERS argue that because none of them was the originating lender in the January 7, 2005 mortgage agreement, TILA's requirements are inapplicable. *Defendants' Brief* at 5-7. Citing 15 U.S.C. § 1641(a), they note that they are not liable under TILA as either assignees or agents of the originating lender. *Id.* at 7-8. They argue further that the TILA and HOEPA claims are time-barred. *Id.* at 4-5, 8-9.

Even assuming that the TILA claims had some merit, they are wholly barred by the statute of limitations. The mortgage was executed on January 7, 2005. Plaintiffs filed suit on May 18, 2010. The one-year statute of limitations on claims for damages under the Act has long since passed. 15 U.S.C. § 1640(e). Plaintiffs' claims under HOEPA are subject to the same statute of limitations. As either assignees or agents of the originating lender, present Defendants' liability would be limited to instances where the disclosure statement was facially inadequate. *see* § 1641(a). Plaintiffs have made no such claims.

Likewise, as to the claim for rescission, the three-year statute of limitations had expired well before Plaintiffs filed suit. 15 U.S.C. §1635(f). More obviously, Plaintiffs' "purchase money" mortgage is exempt from rescission as provided by 15 U.S.C. §1602(w). "The right of rescission under section 1635 does not apply to a 'residential mortgage transaction,' . . . defined as a 'transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'" *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 841 (E.D.Mich.,2010)(Lawson, J.)(citing 15 U.S.C. §§ 1635(e)(1), 1602(w)).

### C. Plaintiffs' RESPA Claims are Also Time Barred

Present Defendants argue that the RESPA claims are time barred. *Defendants' Brief* at 10. Plaintiffs' allegations that they were not given a "Good Faith Estimate" or a "HUD booklet" within three days of making the loan application pertain to events surrounding the original loan transaction. *Docket #1,* Exhibit A, Count I at ¶¶2-3. Even assuming that the liberally construed Complaint stated a cause of action under RESPA, allegations of impropriety occurring at the time of the January, 2005 closing are clearly time barred by RESPA's three-year statute of limitation. 12 U.S.C. § 2614.

### D.  The Michigan Consumer Protection Act

Plaintiffs' allegations of violations of the "Consumer Protection Act" are construed as Michigan Consumer Protection Act ("MCPA") claims.  "[T]he MCPA exempts from itself from 'transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States.'" *Newton v. West,* 262 Mich.App. 434, 437-438, 686 N.W.2d 491, 493 (2004); (citing MCL 445.904(1)(a)).  Because Defendants Countrywide and BOA are both federally chartered institutions, they are exempt from the MCPA.  *Crofton v. Bank of America Home Loans,* 2011 WL 1298747, *6  (E.D.Mich. 2011)(Edmunds, J.). As such, the MCPA claims against these Defendants are subject to dismissal. 12 USC 1462a(a).

While *Newton* has "concluded that residential mortgage loan transactions qualify for exemption,"  *Berry v. Bank of America, N.A.* 2009 WL 4950463, *6 (E.D.Mich.,2009)(citing *Newton,* 686 N.W.2d at 494), it is not clear from either the present motion or the Complaint what role MERS played in the events in question or if the MCPA exemption applies to this Defendant. In any case, Plaintiffs allegations that MERS acted in concert with the other Defendants by placing "fraudulent liens" on their property and taking their property "by force" is unaccompanied by any facts showing a plausible claim under the MCPA.  Plaintiffs do not explain MERS' role in placing a "fraudulent lien" on the property . The fact that as of today, Plaintiffs continue to list the Rambling Road property as their address of record  stands at odds with the allegation that MERS took their property "by force."  Accordingly, MCPA claims against MERS are subject to dismissal under *Iqbal.*

### D. Fraud

Present Defendants also argue that Plaintiffs' fraud claims do not meet the pleading requirements of Fed. R. Civ. P. 9(b). *Defendants' Brief* at 11-12. They contend that even assuming that the Complaint states a claim of fraud, "it is undisputed" that none of them "made any representations to [P]laintiffs at all." *Id.* at 11.

Fed. R. Civ. P. 9(b), requires that a claim of fraud "must state with particularity the circumstances constituting fraud." The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir.1993). Plaintiffs' allegations of fraud are summarized in their response to the present motion:

> Defendant did not disclose that the loan had been paid, and did not disclose that the true holder in due course and the parties in possession of [e]ndorsement or the note itself have long since been owners of these mortgage documents, and in fact mislead this Plaintiff and the Court to believe to the contrary.

*Response* at pg. 2 of 6.

Neither the above summary nor the liberally construed Complaint states a claim of fraud. In alleging fraud, a claimant must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana,* 547 F.3d 564, 569-70 (6th Cir.2008)(internal citations omitted). Plaintiffs do not identify the "Defendant" in question. Further, because they do not contest present Defendants' denial that they that they made representations to them (much less misrepresentations), the related claim of fraudulent concealment would also be unavailing. *Bergen v. Baker,* 264 Mich.App. 376, 382, 691 N.W.2d 770, 775 (2004).

-7-

Plaintiffs have not presented a coherent statement of how present Defendants misrepresented their interest in the property at issue.

Even assuming that the above allegations apply to any and all Defendants, they are nonetheless without merit. Plaintiffs appear to be alleging that because they were not informed that the mortgage was sold following the January, 2005 closing, they need not repay the mortgage loan. They do not explain how selling the loan to another party would exempt them from the terms of the January, 2005 agreement. As of this date, they have presented no evidence to show that they have paid off the loan. For the same reasons, Plaintiffs' allegation that Defendants' "actions and methods define racketeering" does not state a claim under Racketeer Influenced and Corrupt Organizations 18 U.S.C. § 1961 *et seq.* ("RICO"). *Docket #1,* Exhibit A, Count III at ¶14. "[A] RICO plaintiff must, at a minimum, describe . . . two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. The Intern. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Plaintiffs' failure to show even one act of fraud defeats the RICO-type allegations. Finally, as noted by Defendants, Michigan does not recognize a cause of action for predatory lending, *Yaldu, supra*, 700 F.Supp.2d 832. As such, this claim should also be dismissed.

## IV. CONCLUSION

For these reasons, I recommend that the motion be GRANTED as to all claims against Defendants Bank of America, N.A., and Countrywide Home Loans, Inc., dismissing these Defendants WITH PREJUDICE. I further recommend that the motion be GRANTED IN PART and DENIED IN PART as to Defendant Mortgage Electronic Registration Systems, Inc., denying the

-8-

motion as to allegations pertaining to the foreclosure sale as discussed in Section **A.** of the analysis, but granting the motion as to all other claims.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2011
_____

## CERTIFICATE OF SERVICE

I hereby certify on August 23, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 23, 2011: **Eddie Binford, Geraldine Williams.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217

-9-