UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BINFORD, JR. and
GERALDINE WILLIAMS,               No. 10-12390

        Plaintiffs,               District Judge Mark A. Goldsmith
v.                                Magistrate Judge R. Steven Whalen

JOHN ADAMS MORTGAGE, *et al,*

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant John Adams Mortgage Company's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Dock. #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the motion be GRANTED, dismissing all claims against this Defendant WITH PREJUDICE.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Following the January 5, 2010 foreclosure sale of their residence located at 29845 Rambling Road, Southfield, Michigan, Plaintiffs filed suit in state court on May 18, 2010, disputing the validity of a January 7, 2005 mortgage obtained from Defendant John Adams Mortgage Company ("John Adams") for purchase of the same property. *Docket #1,* Exhibit A; *Defendants'* Exhibit D. Plaintiffs allege that the terms of the January, 2005 mortgage and assignment violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*("TILA")*,* the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*("RESPA"), the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA") and the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* ("MCPA").

Plaintiffs allege that Defendant John Adams failed to give them a "required 3 day cool off period" before signing the loan. *Id.* at Count I, ¶1. They allege further that they were not given "the HUD booklet on loans" or the "Good Faith Estimate" within three days of making the loan application. *Id.* at ¶¶2-3. They allege that at the loan closing, John Adams and Countrywide Home

Loans ("Countrywide") failed to provide them with signed copies of the loan transaction and that John Adams "failed to make the disclosures required by [TILA]." *Id.* at ¶¶6-7. They allege that they have been victims of predatory lending. *Id.* at Count II, ¶1.

Plaintiffs also allege that Defendants John Adams, Jess Monticello ("Monticello"), Bank of America ("BOA"), Countrywide, Andrew Gissinger, III ("Gissinger"), Preston James Jr., ("James"), Brian Hazel ("Hazel"), Mortgage Electronic Registration Systems, Inc. ("MERS"), R. K. Arnold ("Arnold"), and Bill Huffman ("Huffman") conspired in a fraudulent scheme to deprive them of their statutory rights. *Id.* at Count IV, ¶1. They allege further that "these so called lenders do not have the right to foreclose on something that they do not own, nor are holders in due course of." *Id.* They request monetary damages and the rescission of the mortgage loan. *Id.* at Count II, ¶4.

On June 17, 2010, Defendants BOA, Countrywide, and MERS removed the action to this Court pursuant to 28 U.S.C. § 1441(a).

**II. STANDARD OF REVIEW**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of the complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. ANALYSIS

#### A. Claims Under TILA, HOEPA, and RESPA are Time Barred

Present Defendant John Adams points out that the two mortgages comprising the debt in question were executed on January 7, 2005. *Defendant's Brief* at 2, *Exhibits C-D*. Defendant argues as such that the federal claims are time barred. *Id.* at 4-6.

Even assuming that the TILA claims had some merit, they are wholly barred by the statute of limitations. By the time Plaintiffs filed suit on May 18, 2010 - over five years beyond the January 7, 2005 mortgage closing - the one-year statute of limitations on claims for damages under the Act has long since passed. 15 U.S.C. § 1640(e). Plaintiff's claims under HOEPA are subject to the same statute of limitations.

Plaintiffs' request for rescission of the mortgage is also unavailing. The three-year statute of limitations on the rescission claim had also expired well before Plaintiffs filed suit. 15 U.S.C. §1635(f). Even if not time barred, the claim for rescission would be unavailable given that Plaintiffs' "purchase money" mortgage is exempt from rescission as provided by 15 U.S.C. §1602(w). "The right of rescission under section 1635 does not apply to a 'residential mortgage transaction,' . . . defined as a 'transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'" *Yaldu v. Bank of America Corp.,* 700 F.Supp.2d 832, 841 (E.D.Mich.,2010)(Lawson, J.)(citing 15 U.S.C. §§ 1635(e)(1), 1602(w)).

Likewise, the RESPA claims are time barred. Plaintiffs' allegations that they were not given a "Good Faith Estimate" or a "HUD booklet" within three days of making the loan application

pertain to events at the time of the original loan transaction. *Defendant's Exhibits C-D*. Even assuming that the liberally construed Complaint stated a cause of action under RESPA, allegations of impropriety occurring at the time of the January, 2005 loan closing are clearly time barred by RESPA's three-year statute of limitation. 12 U.S.C. § 2614.

### B. The Michigan Consumer Protection Act

Present Defendant argues that as a mortgage broker, it is exempt from claims brought Michigan Consumer Protection Act ("MCPA")  "[T]he MCPA exempts from itself from 'transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States.'" *Newton v. West,* 262 Mich.App. 434, 437-438, 686 N.W.2d 491, 493 (2004)(citing M.C.L. 445.904(1)(a)).  The transaction at issue was regulated by the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), MCL 445.1651 *et seq.* "to engage in mortgage loan transactions" and was "subject to the supervisory authority and control of the Commissioner of the Office of Financial and Insurance Services." *Morris v. HomEq Servicing Corp*. 2010 WL 537745, *5 (Mich.App. 2010). *See also Berry v. Bank of America, N.A.* 2009 WL 4950463, *6 (E.D.Mich.,2009).

### C. The Fraud and "Predatory Lending" Claims Should Also be Dismissed

Present Defendant argues further that the "fraud" claim does not meet the pleading requirements of Fed. R. Civ. P. 9(b), contending that "Plaintiffs have failed to plead fraud with any particularity whatsoever." *Defendant's Brief* at 8.  Fed. R. Civ. P. 9(b), requires that a claim of fraud "must state with particularity the circumstances constituting fraud." The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir.1993). Plaintiffs' allegations of fraud are summarized in their response to the present motion:

> Defendant did not disclose that the loan had been paid, and did not disclose that the true holder in due course and the parties in possession of [e]ndorsement or the note itself have long since been owners of these mortgage documents, and in fact mislead this Plaintiff and the Court to believe to the contrary.

*Response* at pg. 2 of 6.

The fraud claims against Defendant John Adams are subject to dismissal. In alleging fraud, a claimant must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana,* 547 F.3d 564, 569-70 (6th Cir.2008)(internal citations omitted). First, Plaintiffs do not identify the "Defendant" in question. Although Plaintiffs appear to protest the assignment of the mortgage, they do not explain how this constitutes "fraud." They have not presented a coherent statement of how present Defendant misrepresented its interest in the property at issue. Plaintiffs appear to be alleging that because they were not informed that the mortgage was sold following the January, 2005 closing, they need not repay the mortgage loan. They do not explain how selling the loan to another party would exempt them from the terms of the January, 2005 agreement. As of this date, they have presented no evidence to show that they have paid off the loan.

For the same reasons, Plaintiffs' allegation that Defendants' "actions and methods define racketeering" does not state a claim under Racketeer Influenced and Corrupt Organizations 18 U.S.C. § 1961 *et seq.* ("RICO"). *Docket #1,* Exhibit A, Count III at ¶14. "[A] RICO plaintiff must, at a minimum, describe . . . two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. The Intern. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Plaintiffs' failure to show even one act of fraud defeats the RICO-type allegations. Finally, as pointed out by Defendant, Michigan does not recognize a cause of action for predatory lending, *Yaldu, supra*, 700 F.Supp.2d at 847. As such, this claim should also be dismissed.

**D. Claims Pertaining to the January 5, 2010 Sheriff's Sale are Inapplicable to Present Defendant**

In the Report and Recommendation addressing BOA, Countrywide, and MERS's Motion to Dismiss [Dock.#10], I noted that these Defendants had not addressed Plaintiffs' claim that they "[did] not have the right to foreclose on something that they do not own, nor are holders in due

-5-

course of" appeared to allege improprieties surrounding the foreclosure sale. *See Docket #1, Exhibit A,* Count IV, ¶1. An April 21, 2011 the Michigan Court of Appeals holding that Defendant MERS "does not meet the requirements of M.C.L. § 600.3204(1)(d)" for foreclosure by advertisement and "must instead seek to foreclose by judicial process." *Residential Funding Co, LLC v. Saurman,* --- N.W. 2d — , 2011 WL 1516819  (Mich.App.2011). While *Residential Funding* has possible implications for co-Defendant MERS, Plaintiffs have not made a plausible allegation that John Adams had any involvement in the foreclosure proceedings whatsoever. Thus, claims against this pertaining to the foreclosure sale itself are dismissible under *Iqbal*.

## IV.  CONCLUSION

For these reasons I recommend that the Defendant John Adams' motion to dismiss [Doc. #11] be GRANTED, dismissing all claims against this Defendant WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2011

## CERTIFICATE OF SERVICE

I hereby certify on August 23, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 23, 2011: **Eddie Binford, Geraldine Williams.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217