UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BINFORD, JR. and
GERALDINE WILLIAMS,

        Plaintiffs,                          Civil Action No.
                                                          10-cv-12390

vs.

                                                          HON. MARK A. GOLDSMITH

JOHN ADAMS MORTGAGE, et. al.,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING, IN PART, THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (DKT. 16), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 10), OVERRULING PLAINTIFFS' OBJECTIONS (DKT. 20), AND SUSTAINING, IN PART, DEFENDANTS' OBJECTIONS (DKT. 19)**

**I.      Introduction**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge R. Steven Whalen (Dkt. 16), entered on August 23, 2011, regarding the motion to dismiss filed by Defendants Bank of America, NA ("Bank of America"), Countrywide Home Loans, Inc. ("Countrywide"), and Mortgage Electronic Registration Systems ("MERS") (Dkt. 10).[1]  Plaintiffs Eddie Binford, Jr. and Geraldine Williams brought this action in state court against a number of financial institutions and representatives thereof following the January 5, 2010 foreclosure sale of their Southfield, Michigan residence.  Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(a).

As set out in the R&R, the Magistrate Judge recommends: (i) granting the motion as to Bank of America and Countrywide and dismissing all claims against those Defendants, and (ii) granting in part and denying in part the motion as to MERS, by dismissing all claims

---

[1] Defendant John Adams Mortgage Company ("John Adams") filed its own motion to dismiss (Dkt. 11), and the Magistrate Judge issued a separate R&R regarding this motion (Dkt. 17).  Accordingly, the Court has issued a separate Opinion and Order regarding the John Adams motion (Dkt. 22).

against MERS, except any claim against MERS with respect to the foreclosure sale. The R&R triggered objections from Defendants (Dkt. 19) and Plaintiffs (Dkt. 20).

## II. Background

Plaintiffs obtained a loan in the amount of $153,600 on January 7, 2005 from John Adams Mortgage Company to purchase residential property located in Southfield, Michigan as their principal residence. Compl. (Dkt. 1-1) ¶ 1; Adjustable Rate Note (Dkt. 10-2). As security for the loan, Plaintiffs granted a mortgage on the property to MERS, acting as nominee for John Adams. Mortgage (Dkt. 10-4). Plaintiffs defaulted on their loan and The Bank of New York Mellon ("Bank of New York") – the current holder of the mortgage – initiated foreclosure proceedings, resulting in a sheriff's sale of the property. Sheriff's Deed on Mortgage Foreclosure (Dkt. 10-5). On May 18, 2010, Plaintiffs filed this action contesting the loan origination and foreclosure.

Defendants and the Magistrate Judge both note that Plaintiffs' pro se complaint is far from clear. The complaint comprises four counts, each containing multiple paragraphs that may, arguably, each raise multiple causes of action. Defendants identify and address the following claims in the complaint: (a) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (b) violation of the "Consumer Protection Act" (presumably, the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws. § 445.901 et seq.); (c) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; (d) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (e) predatory lending; (f) collusion; and (g) fraud. Defs.' Mot. at 2 (Dkt. 10).

The Magistrate Judge recommended granting the motion as to Bank of America and Countrywide – as to all claims – and dismissing these Defendants from the case. The Magistrate Judge recommended granting the motion as to MERS with respect to all claims, except those claims pertaining to the foreclosure sale. The Magistrate Judge noted in his recommendation a recent Michigan Court of Appeals ruling that MERS "does not meet the

requirements of Mich. Comp. Laws § 600.3204(1)(d)" for foreclosure by advertisement, thereby rendering many past foreclosure proceedings undertaken by MERS void. Residential Funding Co., LLC v. Sauruman, 2011 WL 1516819, at *1 (Mich. Ct. App. Apr. 21, 2011). Thus, noted the Magistrate Judge, MERS's "possible role in the foreclosure proceedings is an area of some concern." R&R at 4.

Both Plaintiffs and Defendants filed objections. Plaintiffs object on the grounds that Defendants have committed fraud and have acted without Plaintiffs' authority in foreclosing on the property. Defendants object to the Magistrate Judge's citation to Residential, arguing that reliance on external case law violates the Rule 12(b)(6) standard, under which only the pleadings are to be considered.

### III. Discussion

#### a. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. Rippy v. Hattaway, 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atlantic Corp. v. Twombley, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief.

3

Iqbal, 129 S.Ct. at 1950 (internal citations omitted).

### b. Plaintiffs' Objections

The Court rejects Plaintiffs' objections as not being in compliance with the rule established in this circuit that objections must be specific. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991) (general objection is the equivalent of a failure to object). Plaintiffs' objections consist of (i) conclusory allegations that were expressly rejected in the R&R and for which Plaintiffs have provided no support, and (ii) statements that fail to state with any particularity a legally cognizable objection. Even giving Plaintiffs the extra latitude afforded to pro se litigants, the Court finds that Plaintiffs' statements raise no cognizable basis for rejecting the R&R.

### c. Defendants' Objections

The R&R recommended granting Defendants' motion as to Bank of America and Countrywide, and granting in part and denying in part the motion as to MERS, as follows: denying the motion as to allegations pertaining to the foreclosure sale, and granting the motion as to all other claims. Defendants object to the recommendation that the motion be denied as to MERS with respect to the foreclosure allegations, on the grounds that the Magistrate Judge improperly applied the Rule 12(b)(6) standard by relying on Residential.[2]

The Court agrees with Defendants that their motion to dismiss should be granted in full. As the Magistrate Judge concludes in the R&R, Plaintiffs' claims under TILA, HOEPA, and RESPA are time barred. R&R at 4-5. As the Magistrate Judge further concludes, Plaintiffs' claim of MCPA violations also fails: with respect to Bank of America and Countrywide, as federally chartered institutions, these Defendants are exempt from the act, Crofton v. Bank of America Home Loans, No. 11-10124, 2011 WL 1298747, at *6 (E.D.

---

[2] Defendants' motion erroneously requests "an order awarding summary judgment on all claims in plaintiffs' complaint." Defs.' Mot. at 2. However, it is clear from the title of the motion and from the standard that Defendants cite that the motion is one to dismiss and not for summary judgment. Thus, the motion is properly analyzed under the Rule 12(b)(6) standard.

4

Mich. March 30, 2011).  With respect to MERS, Plaintiffs have not explained MERS's role in any alleged violation of the MCPA, thus subjecting Plaintiffs' claim to dismissal under Iqbal.  R&R at 6.  As for Plaintiffs' fraud claims, Plaintiffs have failed to state with any particularity the circumstances constituting fraud.  Id. at 7.  Plaintiffs have thus also failed to raise a cognizable claim of racketeering – which the Magistrate Judge interpreted as a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 et seq. – to the extent that such a claim is alleged.  Id. at 8.  In short, the Court finds that the Magistrate Judge reached the correct conclusions as to these issues, which supports granting Defendants' motion in full.

However, the Magistrate Judge recommended that MERS not be dismissed from the case based on allegations contained in Count IV.  The count reads as follows:

> There seems to be an elaborate scheme which has been perfected between the defendants to receive credits from the homeowner which has paid for the homestead, and then to charge through fraudulent agreements three to four times the original value of the property while through the aide of even government officials to place fraudulent liens, and claims upon the property and then steal by force the property from the homeowner. It has been brought to the attention of our representatives that these so called lenders do not have the right to foreclose on something that they do not own, nor are holders in due course of. This Collusion is perfected by all of the defendants being participants in this matter. They are: JOHN ADAMS MORTGAGE, Jess Monticello; BANK OF AMERICA, COUNTRYWIDE HOME LOANS, Andrew Gissinger III, Preston James Jr, Brian Hazel; [MORTGAGE] ELECTRONIC REGISTRATION SYSTEMS, R.K. Arnold, Bill Huffman et al.

Compl., Count IV.  The Magistrate Judge appears to read the second sentence, referencing "the right to foreclose," as a cause of action relating to the foreclosure sale, which is arguably independent of any fraud claim against the parties.  Based on Residential, which found that MERS had no authority to conduct foreclosures by advertisement, the Magistrate Judge concluded that a wrongful foreclosure claim might be viable against MERS, justifying its retention in the case.

However, this Court finds that the language of Count IV is ambiguous.  There is no clear statement that Plaintiffs are asserting a separate and distinct wrongful foreclosure claim.

5

The language appears to be part of an allegation concerning a conspiracy to defraud. If that is so, the Magistrate Judge's proper conclusion that fraud was not sufficiently pled would be equally applicable to wrongful foreclosure.

Given the mandate of Iqbal, this Court and Defendants should not have to guess what claims Plaintiffs intend to assert in this action. Count IV does not give any fair notice of precisely what Plaintiffs are claiming, much less any showing of a plausible claim for relief. Accordingly, Count IV and any claim for fraud, conspiracy to defraud, wrongful foreclosure and violation of RICO are dismissed without prejudice. This disposition renders the Magistrate Judge's reference to Residential harmless, even if it was erroneous.

### IV.    Conclusion

For the foregoing reasons, the Court concludes that Defendants' motion to dismiss (Dkt. 10) is granted as to Plaintiffs' claims against all Defendants. All claims are dismissed with prejudice, except (i) those claims pleaded in Count IV and any claim for fraud, conspiracy to defraud, wrongful foreclosure and violation of RICO, which are dismissed without prejudice, and (ii) the claim for violation of the MCPA as to MERS, which, because it is dismissed based on a failure to plead sufficiently, is dismissed without prejudice. Plaintiffs may serve and file an amended complaint within 14 days of the entry of this Opinion and Order. The failure to serve and file an amended complaint by that date will automatically convert the dismissal of Count IV and any claim for fraud, conspiracy to defraud, wrongful foreclosure and violation of RICO as to all Defendants and the MCPA claims as to MERS to a dismissal with prejudice of such claims.

SO ORDERED.


Dated:  September 27, 2011                    s/Mark A. Goldsmith
        Flint, Michigan                       MARK A. GOLDSMITH
                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2011.

<pre>
                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager
</pre>