UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BINFORD, JR. and
GERALDINE WILLIAMS,

        Plaintiffs,

vs.

JOHN ADAMS MORTGAGE, et. al.,

        Defendants
_____/

Civil Action No.
10-cv-12390

HON. MARK A. GOLDSMITH

## OPINION AND ORDER ADOPTING, IN PART, THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (DKT. 17), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 11), AND OVERRULLING PLAINTIFFS' OBJECTIONS (DKT. 20)

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge R. Steven Whalen (Dkt. 17), entered on August 23, 2011, regarding the motion to dismiss filed by Defendant John Adams Mortgage Company ("John Adams") (Dkt. 11).[1] Plaintiffs Eddie Binford, Jr. and Geraldine Williams brought this action in state court against a number of financial institutions and representatives thereof following the January 5, 2010 foreclosure sale of their Southfield, Michigan residence. Bank of America, Countrywide, and MERS removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on June 17, 2010.

The Magistrate Judge recommends in his R&R granting the motion and dismissing all claims against John Adams. Plaintiff objected to the R&R (Dkt. 20).

---

[1] Defendants Bank of America, NA ("Bank of America"), Countrywide Home Loans, Inc. ("Countrywide"), and Mortgage Electronic Registration Systems ("MERS") filed their own motion to dismiss (Dkt. 10), and the Magistrate Judge issued a separate Report and Recommendation regarding this motion (Dkt. 16). Accordingly, the Court has issued a separate Opinion and Order regarding the other motion (Dkt. 21).

The Court rejects Plaintiffs' objections as not being in compliance with the rule established in this circuit that objections must be specific. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991) (general objection is the equivalent of a failure to object). Plaintiffs' objections consist of (i) conclusory allegations that were expressly rejected in the R&R and for which Plaintiffs have provided no support, and (ii) statements that fail to state with any particularity a legally cognizable objection. Even giving Plaintiffs the extra latitude afforded to pro se litigants, the Court finds that Plaintiffs' statements raise no cognizable basis for rejecting the R&R.

As to the merits of Defendant's motion, the Court finds that the Magistrate Judge reached the correct conclusions recommending that Defendant's motion be granted, and for the proper reasons, except with respect to whether the dismissal of claims should be with or without prejudice. The Magistrate Judge properly concluded a number of claims were time-barred. Thus the claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, should be dismissed with prejudice. Moreover, as Defendant is exempted by statue from the Michigan Consumers Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 et seq., Plaintiffs claim under the MCPA should be dismissed with prejudice as well. However, other claims were dismissed based on a failure to plead sufficiently. These claims include claims pleaded in Count IV and any claim for fraud, fraudulent conspiracy, wrongful foreclosure, and racketeering, which the Magistrate Judge interpreted as a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 et seq. These should be dismissed without prejudice.

Accordingly, the Court orders that the R&R (Dkt. 17) is adopted in part; Defendant John Adams Mortgage Company's motion to dismiss (Dkt. 11) is granted; and all claims against Defendant John Adams Mortgage Company are dismissed with prejudice, except those claims pleaded in Count IV and any claim for fraud, fraudulent conspiracy, wrongful foreclosure and violation of RICO, which are dismissed without prejudice.  Plaintiffs may serve and file an amended complaint within 14 days of the entry of this Opinion and Order.  The failure to serve and file an amended complaint by that date will automatically convert the dismissal of Count IV and any claim for fraud, fraudulent conspiracy, wrongful foreclosure and violation of RICO to a dismissal with prejudice.

SO ORDERED.


Dated:  September 27, 2011              s/Mark A. Goldsmith
        Flint, Michigan                 MARK A. GOLDSMITH
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2011.

                                        s/Deborah J. Goltz
                                        DEBORAH J. GOLTZ
                                        Case Manager