UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BINFORD, JR. and
GERALDINE WILLIAMS,            Case No. 10-12390

       Plaintiffs,            District Judge Mark A. Goldsmith

v.                             Magistrate Judge R. Steven Whalen

JOHN ADAMS MORTGAGE, *et al*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before the Court is Plaintiffs' *Motion to Vacate Order and Renewed Complaint of Fraud* [Docket #23] filed October 11, 2011; Defendant John Adams Mortgage Company's *Response* to Plaintiffs' motion to vacate which includes same Defendant's *Motion to Dismiss Pursuant to FRCP 12(b)(6) and (c)* [Docket #25] filed October 26, 2011; and Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc.'s *Motion to Strike Plaintiffs' Renewed Complaint of Fraud and in the Alternative Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*, filed October 27, 2011[Doc. #26] which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

    For the reasons set forth below, I recommend the following:

    (1). Plaintiffs' *Motion to Vacate Order and Renewed Complaint of Fraud*

-1-

[Docket #23] (to the extent that it is construed to request a reconsideration of the District Court's September 27, 2011 order dismissing some of the claims with prejudice) should be DENIED.

(2).  Defendant John Adams Mortgage Company's *Motion to Dismiss Pursuant to FRCP 12(b)(6) and (c)* [Docket #25] should be GRANTED, dismissing all remaining claims against this Defendant with prejudice.

(3). Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc.'s *Motion to Strike Plaintiffs' Renewed Complaint of Fraud* [Doc. #26] should be DENIED AS MOOT.

(4).  Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc.'s *Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)* [Docket #26] should be GRANTED, dismissing all remaining claims against these Defendants with prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Following the January 5, 2010 foreclosure sale of their residence located at 29845 Rambling Road, Southfield, Michigan,  Plaintiffs filed suit in state court on May 18, 2010 disputing the validity of a January 7, 2005 mortgage for purchase of the property obtained from Defendant John Adams Mortgage Company ("John Adams").  *Docket #1,* Exhibit A; *Defendants'* Exhibit D.  In their original complaint, Plaintiffs alleged that the terms of the January, 2005 mortgage and assignment violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*("TILA")*,* the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.("RESPA"), the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA") and the Michigan Consumer Protection Act,  M.C.L. § 445.901 *et seq.* ("MCPA").

Plaintiffs alleged that Defendant John Adams failed to give them a "required 3 day cool off period" before signing the loan.  *Id.* at Count I, ¶1.  They alleged further that they

were not given "the HUD booklet on loans" or the "Good Faith Estimate" within three days of making the loan application. *Id.* at ¶¶2-3. They alleged that at the loan closing, John Adams and Countrywide Home Loans ("Countrywide") failed to provide them with signed copies of the loan transaction and that John Adams "failed to make the disclosures required by [TILA]." *Id.* at ¶¶6-7. They alleged that they have been victims of predatory lending. *Id.* at Count II, ¶1.

Plaintiffs also alleged that Defendants John Adams, Jess Monticello ("Monticello"), Bank of America ("BOA"), Countrywide, Andrew Gissinger, III ("Gissinger"), Preston James Jr., ("James"), Brian Hazel ("Hazel"), Mortgage Electronic Registration Systems, Inc. ("MERS"), R. K. Arnold ("Arnold"), and Bill Huffman ("Huffman") conspired in a fraudulent scheme to deprive them of their statutory rights. *Id.* at Count IV, ¶1. They alleged further that "these so called lenders do not have the right to foreclose on something that they do not own, nor are holders in due course of." *Id.* They requested monetary damages and the rescission of the mortgage loan. *Id.* at Count II, ¶4.

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on June 17, 2010. On September 27, 2011, the District Court dismissed all "with prejudice, except (i) those claims pleaded in Count IV and any claim for fraud, conspiracy to defraud, wrongful foreclosure and violation of RICO, which are dismissed without prejudice, and (ii) the claim for violation of the MCPA as to MERS, which, because it is dismissed based on a failure to plead sufficiently, is dismissed without prejudice." *Docket #21,* 6; *Docket #22,* 2-3 (same). The District Court permitted Plaintiffs to file an amended complaint within 14 days of the

entry the September 27, 2011 order, noting that "[t]he failure to serve and file an amended complaint by that date will automatically convert the dismissal of Count IV and any claim for fraud, fraudulent conspiracy, wrongful foreclosure and violation of RICO to a dismissal with prejudice." *Docket #21,* 6; *Docket #22,* 3.

In response to the District Court's order, on October 11, 2011, Plaintiffs filed a self-styled *Motion to Vacate Order and Renewed Complaint of Fraud* [Docket #23] which, in form and substance, is an amended complaint. The amended pleading [Amended Complaint] also appears to request reconsideration of the District Court's dismissal of the TILA, HOEPA, and RESPA claims.

Defendant John Adams filed the *Motion to Dismiss Pursuant to FRCP 12(b)(6) and (c)* [Docket #25] on October 26, 2011. Defendants BOA, Countrywide and MERS filed *Motion to Strike Plaintiffs' Renewed Complaint of Fraud and in the Alternative Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*[Doc. #26] on October 27, 2011. Plaintiffs were directed by the undersigned to file a response to BOA's motion by January 31, 2012 but as of present, have not responded to either dispositive motion.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary

judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

556 U.S. at 679 (internal citations omitted).

### III. ANALYSIS

**A.  Fraud**

Plaintiffs' Amended Complaint provides no additional clarification of the purported

fraud or RICO claims.  Fed. R. Civ. P.  9(b), requires that a claim of fraud "must state with particularity the circumstances constituting fraud."  The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir.1993).   The word "fraud" is contained nowhere within the amended pleading.  While Count XXV is entitled "Foreclosure Illegal Fraudulent and Colluded," the paragraphs within this count  allege only that Defendants have not presented a "wet ink signature" copy of the mortgage note, and  that Plaintiffs "strongly believe[]" that the foreclosure sale was not carried out by a sheriff.  *Amended Complaint* at ¶¶115-116.  Neither one of these allegations states a claim of fraud.

Aside from the fact that the first 24 paragraphs of the Amended Complaint do not contain the word fraud or fraudulent, the most liberal construction of these allegations cannot be construed to meet the requirements of Fed. R. Civ. P. 9(b).  Even assuming the truth of Plaintiffs' claims that they were not provided with the documentation and disclosures required by state and federal law, the allegations that unidentified Defendants, either "failed and/or refused" to abide by mortgage closing requirements does not sufficiently allege a fraudulent scheme or intent.  Likewise, Plaintiffs' conclusory allegation that Defendants' failure to give them mortgage documents, by itself, amounts to a "false representation" is not sufficient to plead the existence of a fraudulent scheme or intent.  *Amended Complaint* at ¶¶15-16.  For the same reasons, Plaintiffs' implied claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") is unavailing.  "[A] RICO

plaintiff must, at a minimum, describe . . . two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. The Intern. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Plaintiffs' failure to allege even one act of fraud defeats the RICO claims.

### B. Previously Dismissed Claims

In its September 27, 2011 order, the District Court dismissed all claims brought under TILA, HOEPA, and RESPA as time barred. *Docket #22* at 2, *Docket #21* at 4. Nonetheless, Plaintiffs' reasserts these claims in Counts II through XXIV of their Amended Complaint. Pursuant to the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir.1989)).

While a coherent allegation of fraudulent concealment by one or more of Defendants would have served to toll the statute of limitations on the time barred claims, Plaintiffs' most recent motion has not stated a claim of fraud. Thus, the finding that these claims are not timely should not be disturbed.

While not discussed in either of the current dispositive motions, the Amended Complaint alleges that the mortgage was signed on May 3, 2009, rather than the originally alleged date of January 7, 2005. *Amended Complaint* at 6. However, the date change, whether a typographical error or a deliberate attempt to meddle with the District Court's previous findings, would not change the results. Notably, Plaintiffs' objection to the original Report and Recommendations did not dispute that the mortgage was executed on January 7, 2005 or exhibits to same motions showing the same. *Docket #10, Exhibit A., Docket #11, Exhibit C,* pg. 16 of 16.

### C. Count IV of the Original Complaint

As discussed above, the District Court permitted Plaintiffs to amend the complaint to clarify the claims pleaded in Count IV.

> Count IV of the original complaint alleges in pertinent part:
>
> There seems to be an elaborate scheme which has been perfected between the defendants to receive credits from the homeowner which has paid for the homestead, and then to charge through fraudulent agreements three to four times the original value of the property while through the aide of even government officials to place fraudulent liens, and claims upon the property and then steal by force the property from the homeowner. It has been brought to the attention of our representatives that these so called lenders do not have the right to foreclose on something that they do not own, nor are holders in due course of ....

In regard to Count IV, I previously expressed concern that Defendants had not as yet revealed the foreclosing entity. *Docket #16, 3-4.* Citing *Residential Funding Co, LLC v. Saurman,* 292 Mich.App. 321, 807 N.W. 2d 412, (2011), I noted that "the Michigan Court

of Appeals held that MERS 'does not meet the requirements of M.C.L. § 600.3204(1)(d)' for foreclosure by advertisement and 'must instead seek to foreclose by judicial process.'" *Docket #16,* 4 (citing *Residential Funding,* at 325). Subsequently, the Court was informed that the foreclosing entity was not Defendant MERS. *Docket #19, Exhibit B.* In addition, any concern that the Court of Appeals decision would impact the present case was further allayed by the Michigan Supreme Court's subsequent reversal of *Residential Funding Co, LLC v. Saurman,* 490 Mich. 909, 805 N.W. 2d 183 (2011). Thus, the foreclosure sale would not have been invalidated even if MERS had been the foreclosing entity. *Id.*

Plaintiffs' "clarified" allegations regarding the foreclosure sale and Count IV of the original complaint do not state a claim upon which relief can be granted. They now contend that the foreclosing entity was required to produce a "wet ink" copy of the mortgage before proceeding with the foreclosure sale. *Amended Complaint, ¶115.* However, Michigan's foreclosure statute "does not require a presentation of the original note or a 'wet ink' mortgage." *Jozlin v. U.S. Bank Nat. Ass'n,* 2012 WL 12760, *3 (E.D.Mich.2012)(citing MCL § 600.3204). Plaintiffs' statement that "[a]t no time, it is strongly believed, that the Sheriff conducted a [s]ale of the property in question" is liberally construed to allege that the foreclosure sale is invalid because an actual Sheriff did not conduct the sale. *Amended Complaint, ¶116.* However, Defendants previously submitted a copy of the January 12, 2010 Sheriff's Deed, signed by Deputy Sheriff John M. Roehrig. *Docket #19, Exhibit B.* Michigan law permits a deputy sheriff to conduct a foreclosure sale. MCL 600.3216. Thus

-9-

Plaintiffs' apparent claim that the sale was invalid because it was conducted by a deputy sheriff is without merit. Further, although Plaintiffs were permitted to amend the complaint to clarify allegations against MERS made pursuant to MCPA, the body of the amended pleading does not include the words MERS or MCPA, much less any allegation that MERS somehow violated the Act.

### D. Injunctive Relief

Plaintiffs also request injunctive relief consisting of enjoining Defendants from foreclosing and "other activities" presumably related to the foreclosure and preserving documents pertaining to the mortgage and foreclosure to which Plaintiffs believe they are entitled. *Amended Complaint, ¶¶117-118.*

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir.2002); *McPherson v. Michigan High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) ( *en banc* ). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet,* 305 F.3d at 573.

"Although no one factor is controlling, a finding that there is simply no likelihood of

success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000); *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir.1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). Consistent with my above findings, Plaintiffs have not shown a likelihood of success on the merits. Accordingly, their requests for injunctive relief should be denied

### E.  Defendants BOA, Countrywide, and MERS's Motion to Strike

Citing Fed. R. Civ. P. 15(a), Defendants note that the District Court's September 27, 2011 order granted Plaintiffs leave only to amend the Count IV allegations, claims of fraud, conspiracy to defraud, wrongful foreclosure and RICO violations. *Docket #26* at 3. Defendants request that all other claims , if not the entire amended pleading, be stricken. *Id.* at 3-4.

Fed. R. Civ. P. 12(f) provides that on motion of a party, "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."    Adequate grounds exist for striking the previously dismissed TILA, HOEPA, and RESPA claims as "immaterial." "[C]ourts have found the resubmission of previously-dismissed counts to be immaterial." *West Lumber, LLC v. Burke-Parsons-Bowlby, Corp.,* 2011 WL 144926, *3 (E.D.Tenn.2011)(citing *Paul M. Harrod Co. v. A.B. Dick Co.,* 194 F.Supp. 502, 504 (D.C.Ohio 1961)). Further, Defendants are correct that Plaintiffs did not obtain leave to file

claims in the amended complaint outside of the parameters of the District Court's order. Nonetheless, because the reasserted claims (like the remainder of the amended pleading allegations) are dismissible on their merits, the motion to strike can be dismissed as moot. *Andrews v. Prudential Securities, Inc.,* 160 F.3d 304, 307, fn 3 (6th Cir. 1998); *Bowser v. Bogdanovic,* 2010 WL 1462548, *3 (M.D.Pa.2010)(despite the existence of grounds for striking, amended complaint "more properly dismissed on its merits"); *Accelecare Wound Centers, Inc. v. Bank of New York,* 2009 WL 1227487, *5 (S.D.N.Y.2009)(citing Fed. R. Civ. P. 12(f))(granting a motion to strike unnecessary where claims "are being dismissed on their merits" ).

### IV.  CONCLUSION

For these reasons, I recommend the following:

(1). Plaintiffs' *Motion to Vacate Order and Renewed Complaint of Fraud* [Docket #23] (to the extent that it is construed to request a reconsideration of the District Court's September 27, 2011 order dismissing some of the claims with prejudice) should be DENIED.

(2).  Defendant John Adams Mortgage Company's *Motion to Dismiss Pursuant to FRCP 12(b)(6) and (c)* [Docket #25] should be GRANTED, dismissing all remaining claims against this Defendant with prejudice.

(3). Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc.'s *Motion to Strike Plaintiffs' Renewed Complaint of Fraud* [Doc. #26] should be DENIED AS MOOT.

(4).  Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc.'s *Motion to Dismiss under*

*Fed. R. Civ. P. 12(b)(6)* [Docket #26] should be GRANTED, dismissing all remaining claims against these Defendants with prejudice.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/ R. Steven Whalen
                                                    R. STEVEN WHALEN
                                                    UNITED STATES MAGISTRATE JUDGE

Date: July 13, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 13, 2012.

s/Johnetta M. Curry-Williams

Case Manager